UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JASON GLEN SHINAULT,

          Petitioner,

v.                                    **MEMORANDUM OF LAW & ORDER**
                                      Civil File No. 10-3575 (MJD/FLN)

WENDY ROAL,

          Respondent.

Jason Glen Shinault, pro se.

Gregory G. Brooker and Mary J. Madigan, Assistant United States Attorneys, Counsel for Respondent.

The above-entitled matter comes before the Court on Petitioner Jason Shinault's Objections to the Magistrate Judge's Order Dismissing Petitioner's Petition for Writ of Habeas Corpus. [Docket No. 4] In an August 24, 2010 Order, Magistrate Judge Franklin Noel ordered that Petitioner's current habeas corpus petition be summarily dismissed without prejudice and granted Petitioner leave to file a new pleading in this action subject to certain requirements. [Docket No. 3] Specifically, because Petitioner does not challenge the fact or duration of his

1

confinement, but rather, challenges the condition of his confinement, he cannot seek relief through a petition for writ of habeas corpus under 28 U.S.C. § 2241. Instead, Petitioner must file a properly pled non-habeas civil action and pay the appropriate filing fee. Magistrate Judge Noel further provided that dismissal of this action without prejudice would be recommended if Petitioner did not satisfy the requirements by September 17, 2010.

To the extent that the Order dismissed without prejudice the habeas corpus petition and recommended dismissal of this action, the Court construes it as a Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review, the Court **ADOPTS** the Report and Recommendation dated August 24, 2010.

In his objections, Petitioner argues that his claims of inadequate medical treatment are properly asserted in a § 2241 habeas petition because he has suffered a "substantial infringement of a constitutional right." Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974). In Willis, the Eighth Circuit held that a prisoner could seek a writ of habeas corpus based on prison conditions if he alleged "a substantial infringement of a constitutional right," "a factual

2

statement, which if true could entitle the prisoner to relief," and "exhaustion of prison grievance procedures." Id. The court further explained that "it is generally acknowledged that habeas corpus is a proper vehicle for any prisoner, state or federal, to challenge unconstitutional actions of prison officials." Id. at 1014 (citations omitted).

Willis is directly at odds with more recent Eighth Circuit holdings. For example, in Kruger v. Erickson, the court held that the district court was without jurisdiction to hear a state prisoner's habeas claim regarding the conditions of his confinement:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

77 F.3d 1071, 1073 (8th Cir. 1996) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)). See also Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir. 1993) ("The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release.") (citing Preiser, 411 U.S. at 498).

3

Willis is also at odds with earlier Eighth Circuit opinions, such as Williams v. Steele, 194 F.2d 32 (8th Cir. 1952) (holding that writ of habeas corpus did not permit prisoner to challenge mistreatment by prison when confinement, itself, was legal).

Given the conflicting precedent on this issue, the Court concludes that the most reasonable interpretation of Eighth Circuit precedent is that a federal prisoner's challenge to his medical treatment cannot be asserted in a § 2241 habeas petition because he does not attack the fact or duration of his confinement. Moreover, permitting challenges to prison conditions to serve as the basis for habeas petitions would nullify significant aspects of the Prison Litigation Reform Act. See Skinner v. Wile, 355 F.3d 1293, 1294 (11th Cir. 2004) ("We, like several other circuits, have held that the PLRA does not apply to habeas petitions. . ."). The Eighth Circuit's interpretation of Supreme Court precedent, as set forth in Kruger, is consistent with the interpretation of other Courts of Appeals. See, e.g., Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) ("Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983. We have endorsed this

4

distinction and have recognized that federal claims challenging the conditions of his confinement generally do not arise under § 2241.") (citations omitted); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) (holding that challenges to the fact or duration of prisoner's confinement should be construed as a petition for habeas corpus under § 2241; complaint seeking damages or injunctive relief for civil rights violations should be construed as action under Bivens). And this Court's specific conclusion that claims related to medical treatment cannot form the basis for a § 2241 petition is also consistent with that body of case law. See, e.g., Spencer v. Bragg, 310 Fed. Appx. 678, 679 (5th Cir. 2009) (affirming dismissal of § 2241 for lack of jurisdiction which was based on, among other things, "lack of proper medical treatment" because prisoner's claim did not affect his release date) (citing Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997)); Sullivan v. United States, 90 Fed. Appx. 862, 863 (6th Cir. 2004) (holding claim for denial of medical treatment was not properly brought as a § 2241, but was, instead, to be construed as a Bivens action because "§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits") (citations omitted).

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated August 24, 2010 [Docket No.3] and **OVERRULES** Petitioner's Objections [Docket No. 4].

2. Petitioner's Habeas Corpus Petition [Docket No. 1] and this action are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 30, 2010         s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court